UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL R. MCNEIL,

    Plaintiff,

v.                                       Case No: 6:19-cv-373-Orl-37TBS

NNP, LLC and RIZ GOURMET FOODS,
LLC, D/B/A THE HAWKS NEST GRILL,

    Defendants.

## ORDER

Pending before the Court are Plaintiff's Motion for Clerk's Entry of Default Against Defendant NNP, LLC and Motion for Clerk's Entry of Default Against Defendant Riz Gourmet Foods, LLC (Docs. 12-13). According to the process server's returns, NNP was served by serving "SUNNY PATERL, PERSON IN CHARGE pursuant to F.S. 48.062," and Riz was served by serving "ANNEMARIE RIZZO, REGISTERED AGENT pursuant to F.S. 48.062" (Docs. 12-1, 13-1).

"Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by: (1) following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; …" FED. R. CIV. P. 4(e)(1).

Florida permits service on a limited liability company by serving the registered agent or, if that is not possible, by serving a member of a member-managed limited liability company, the manager of a manager-managed limited liability company, or a person designated by the company to accept service of process. FLA. STAT. § 48.062(2).

If none of these people can be located then "[a]fter one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours." FLA. STAT. § 48.062(2)(c).

The return of service must state "the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person." FLA. STAT. § 48.21(1). The Florida Supreme Court strictly construes this statute. <u>Koster v. Sullivan</u>, 160 So.3d 385 (Fla. 2015). Therefore, even though the return of service directed to NNP does not recite all the requirements in § 48.062(2) the Court finds that Plaintiff has met his burden as to this Defendant. The Court also finds that service on the registered agent satisfies Plaintiff's burden with respect to Riz. Accordingly, both motions for the entry of Clerk's defaults are **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2019.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties